DARRYL M. WOO (CSB No. 100513)
dwoo@fenwick.com
JEDEDIAH WAKEFIELD (CSB No. 178058)
jwakefield@fenwick.com
TODD R. GREGORIAN (CSB No. 236096)
tgregorian@fenwick.com
SEBASTIAN KAPLAN (CSB No. 248206)
skaplan@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA  94104
Telephone:   415.875.2300
Facsimile:   415.281.1350

Attorneys for Plaintiff
TOMTOM INTERNATIONAL, B.V.

ROBERT A. VAN NEST (CSB No. 84065)
rvannest@kvn.com
BRIAN L. FERRALL (CSB No. 160847)
bferrall@kvn.com
NIKKI K. VO (CSB No. 239543)
nvo@kvn.com
ANDREW DAWSON (SBN 264421)
adawson@kvn.com
KEKER & VAN NEST LLP
633 Battery Street
San Francisco, CA 94111-1809
Telephone:   415.391.5400
Facsimile:   415.397.7188

Attorneys for Defendant
BROADCOM CORPORATION

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMTOM INTERNATIONAL, B.V., | Case No. 8:14-cv-00475 PA (DFMx) |
| Plaintiff, | **[~~JOINT PROPOSED~~] PROTECTIVE ORDER REGARDING THE DISCLOSURE AND USE OF DISCOVERY MATERIALS** |
| v. | |
| BROADCOM CORPORATION, | **[DISCOVERY DOCUMENT: REFERRED TO MAGISTRATE JUDGE DOUGLAS F. MCCORMICK]** |
| Defendant. | |

## 1.   GOOD CAUSE STATEMENT—PURPOSES AND LIMITATIONS

Plaintiff TomTom International B.V. ("TomTom" or "Plaintiff") and Broadcom Corporation ("Broadcom" or "Defendant") (collectively referred to herein as the "Parties") anticipate that disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the parties hereby stipulate to and petition the court to enter the following Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth in Section 13.3, below, that this Protective Order does not entitle them to file confidential information under seal; C.D. Cal. Civil Local Rule 79-5, in addition to the Court's Standing Order, sets forth the procedures that must be followed when a party seeks permission from the Court to file material under seal.

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court finds good cause for the following Protective Order Regarding the Disclosure and Use of Discovery Materials ("Order" or "Protective Order") because there are reasonable grounds for the parties to anticipate that they will produce and disclose information that is confidential or private and that the disclosure to the public of such information may harm the parties.

## 2.   DEFINITIONS

2.1.   Challenging Party:  a Party or Nonparty that challenges the designation of information or items under this Order.

2.2.   Confidentiality Designation: a designation that information or tangible things are:

"CONFIDENTIAL",

1

"HIGHLY CONFIDENTIAL—ATTORNEYS EYES ONLY",

"HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS EYES ONLY",

"CONFIDENTIAL—SOURCE CODE", or

"HIGHLY CONFIDENTIAL—RESTRICTED SOURCE CODE".

2.3.    <u>"CONFIDENTIAL" Information or Items</u>:  information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.4.    <u>"CONFIDENTIAL—SOURCE CODE"</u>: source code (regardless of how it is generated, stored, or maintained) that has previously been shared between the parties and that would qualify for protection under Federal Rule of Civil Procedure 26(c), including open source code, the disclosure of the fact of the source code's use, and the specific source code used, which could expose the Producing Party to a substantial risk of serious harm, including but not limited to loss of trade secrets and/or security threats from unknown actors.

2.5.    <u>Counsel (without qualifier)</u>:  Outside Counsel of Record and House Counsel, as well as the support staff of either.

2.6.    <u>Designating Party</u>:  a Party or Nonparty that designates information or items that it produces in disclosures, written discovery, or in responses to discovery under a Confidentiality Designation.

2.7.    <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures, written discovery, or in responses to discovery in this matter.

2.8.    <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.9.    <u>"HIGHLY CONFIDENTIAL—ATTORNEYS EYES ONLY"</u>

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

Information or Items: sensitive confidential information (regardless of how it is generated, stored, or maintained) or tangible things that the disclosure of to a Receiving Party or a Nonparty would create a substantial risk of serious harm that could not be avoided by less restrictive means, but is not as sensitive as information designated "HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS EYES ONLY" so that Designated House Counsel may view it.  For example, types of information likely to be designated "HIGHLY CONFIDENTIAL—ATTORNEYS EYES ONLY", may include, but are not limited to, internal discussions concerning the technology at issue on topics such as pricing, technical design, customer support, and supply; business plans, strategies, market analyses, and other financial information for past periods; and technical and engineering designs for products currently on the market.

2.10.  "HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS ONLY" Information or Items: extremely sensitive Confidential information (regardless of how it is generated, stored, or maintained) or tangible things that the disclosure of to a Receiving Party, including the Receiving Party's House Counsel, or a Nonparty would create a substantial risk of serious harm that could not be avoided by less restrictive means, specifically: forward-looking business plans, strategies, market analyses, pricing information, revenue and other sensitive financial information; technical and engineering designs for products that have yet to be sold; and information concerning pending mergers, acquisitions, or other commercial dealings.

2.11.  "HIGHLY CONFIDENTIAL—RESTRICTED SOURCE CODE": source code (regardless of how it is generated, stored, or maintained) that has never been shared between the parties and that would qualify for protection under Federal Rule of Civil Procedure 26(c), including open source code, the disclosure of the fact of the source code's use, and the specific source code used, which could expose the Producing Party to a substantial risk of serious harm, including but not limited to

loss of trade secrets and/or security threats from unknown actors.

2.12.  <u>House Counsel</u>:  attorneys who are employees of a named party to this action.  House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.13.  <u>Nonparty</u>:  any natural person, partnership, corporation, association, or other legal entity not named as a party to this action.

2.14.  <u>Outside Counsel of Record</u>:  attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.15.  <u>Party</u>:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.16.  <u>Producing Party</u>:  a Party or Nonparty that produces Disclosure or Discovery Material in this action.

2.17.  <u>Professional Vendors</u>:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.18.  <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated with a Confidentiality Designation.

2.19.  <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

## 3.   <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material, but also (1) any information actually copied or extracted from Protected Material, whether or not such information was independently discoverable through other means (subject to limitations (a) and (b), below); (2) all copies,

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.  However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

Material designated under this Order shall be used by any recipients solely for the purpose of conducting this litigation and not for any other purpose whatsoever, and such information shall not be disclosed to anyone except as provided herein.

**4.**     **DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of this action, with or without prejudice; and (2) the entry of final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any notices, motions or applications for extension of time pursuant to applicable law.

**5.**     **DESIGNATING PROTECTED MATERIAL**

5.1.    Exercise of Restraint and Care in Designating Material for Protection.

Each Party or Nonparty that designates information or items for protection under this Order must take care to limit any such designation to specific material

Fenwick & West LLP
Attorneys at Law
Mountain View

that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify—so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g*., to unnecessarily encumber the discovery process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, or qualify for a different Confidentiality Designation, then that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.  If the withdrawn designation applies to produced documents, the Designating Party will reproduce the information without a Confidentiality Designation or with a new Confidentiality Designation using the same control numbers for each document as in the earlier production.

5.2.    Manner and Timing of Designations.

Except as otherwise provided in this Order (see, e.g., second paragraph of Section 5.2.1 below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before, or at the time that, the material is disclosed or produced.

Designation in conformity with this Order requires:

5.2.1. Documents

For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), the Producing Party shall affix the legend containing the appropriate Confidentiality

6

Designation to each page in the designated document; for documents produced electronically, the Producing Party shall include the appropriate Confidentiality Designation on each page of the document image and in a Confidentiality metadata field.  In the case of Discovery Material that consists of files produced in native format, the Producing Party shall produce the native document: (1) using a file title that specifies the control number for the document and the appropriate confidentiality designation, (2) with an accompanying .tiff image stating "Produced in Native Format" with the appropriate Confidentiality Designation within the contents of the .tiff image; and (3) with a CONFIDENTIALITY metadata field specifying the Confidentiality Designation.

A Party or Nonparty that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be treated as "HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must designate the documents in the manner specified in the immediately preceding paragraph.

### 5.2.2. Discovery Requests and Responses

For discovery requests, the propounding party shall designate any Protected Material by affixing a legend containing the highest applicable Confidentiality Designation to the caption of each set of requests that contain Protected Material and shall affix a legend containing the appropriate Confidentiality Designation at the end of each request that contains Protected Material.

For discovery responses, the responding party shall designate any Protected Material by affixing a legend containing the highest applicable Confidentiality

Designation to the caption of each set of responses that contain Protected Material and shall affix a legend containing the appropriate Confidentiality Designation at the beginning of each response that contains Protected Material.

### 5.2.3. Things

For information produced in some form other than documentary and for any other tangible thing, the Producing Party shall affix in a prominent place on the exterior of the container or containers in which the information or item is stored the appropriate Confidentiality Designation.  If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

### 5.2.4. Source Code

5.2.4.1.  To the extent production of source code becomes necessary in this case, a Producing Party may designate source code as "CONFIDENTIAL—SOURCE CODE" if it comprises or includes confidential, proprietary or trade secret source code that has already been shared with the Receiving Party.  A Producing Party may alternatively designate source code as "HIGHLY CONFIDENTIAL—RESTRICTED SOURCE CODE" if it comprises or includes confidential, proprietary or trade secret source code that has not been shared with the Receiving Party.

5.2.4.2.  Any source code produced in discovery shall be made available for inspection, in a format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, at an office of the Producing Party's counsel or another mutually agreed upon location. Source code designated "CONFIDENTIAL—SOURCE CODE" shall be made available for inspection under the same limitations and constraints that applied to the parties' prior sharing or transfer of the particular source code.

5.2.4.3.  The parties have agreed on the following protocol for the inspection of Source Code that is designated "HIGHLY CONFIDENTIAL—

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

RESTRICTED SOURCE CODE":

            5.2.4.3.1     Broadcom's "HIGHLY CONFIDENTIAL—RESTRICTED SOURCE CODE" shall be made available to TomTom at Broadcom's corporate headquarters in Irvine, California.  TomTom's "HIGHLY CONFIDENTIAL—RESTRICTED SOURCE CODE" shall be made available to Broadcom at TomTom's corporate headquarters in Amsterdam, Netherlands or at a mutually agreeable location.

            5.2.4.3.2     The "HIGHLY CONFIDENTIAL—RESTRICTED SOURCE CODE" shall be available for inspection on at least two stand-alone computers ("Source Code Computers") provided by the Producing Party and running Mac OS X Snow Leopard, a reasonably current version of the Microsoft Windows operating system, or Linux.

            5.2.4.3.3     The Producing Party shall install software that is sufficient for viewing and searching the "HIGHLY CONFIDENTIAL—RESTRICTED SOURCE CODE" produced.  The Receiving Party's outside counsel and/or experts may request that commercially available software tools for viewing and searching "HIGHLY CONFIDENTIAL—RESTRICTED SOURCE CODE" be installed on the Source Code Computer, provided, however, that such other software tools are reasonably necessary for the Receiving Party to perform its review of the code consistent with all of the protections herein.  Specific tools that may be used include, but are not limited to:  Visual Slick Edit; Source-Navigator; PowerGrep; and ExamDiff Pro (or other similar programs).  For Source Code Computers running Mac OS X, the tools shall include an up-to-date version of Xcode.  The Receiving Party must provide the Producing Party with the web link, CD or DVD containing such licensed software tool(s) at least ten (10) days in advance of the date upon which the Receiving Party wishes to have the additional software tools available for use on the Source Code Computer.  The Receiving Party shall not at any time use any compilers, interpreters, or simulators in connection with the

Producing Party's "HIGHLY CONFIDENTIAL—RESTRICTED SOURCE CODE", without the written consent of the Producing Party.

    5.2.4.3.4  To verify that its "HIGHLY CONFIDENTIAL—RESTRICTED SOURCE CODE" has not later been altered, the Producing Party may benchmark the materials before and after they are provided, but shall not install any keystroke or other monitoring software on the Source Code Computer(s).

    5.2.4.3.5  The Source Code Computer(s) shall be made available from 9 a.m. to 5 p.m. (local time), Monday through Friday (excluding holidays), and, if necessary, at other times upon mutual agreement of the Producing Party and Receiving Party.

    5.2.4.3.6  The Receiving Party's counsel shall provide to outside counsel for the Producing Party the names of any individual who will require access to the secure facility at least three (3) business days before being granted access to the secure facility for the first time.  Individuals who have been previously identified according to this paragraph may access the secure facility, consistent with the normal practice at the facility, without further approval, although the Producing Party shall be informed each time such person accesses the secured facility.

    5.2.4.3.7  Proper identification of all authorized persons shall be provided prior to any access to the secure room or the Source Code Computer(s).  Proper forms of proper identification include, for example, a photo identification card sanctioned by the government of any State or the District of Columbia in the United States, by the government of the United States, or by the nation state of the authorized person's current citizenship.  Absent such identification, access to the secure room or the Source Code Computer(s) will be denied.  All persons entering and leaving the secure room are required to sign a Source Code Access Log, providing the date and time.

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

5.2.4.3.8     The Source Code Computer(s) shall be equipped with a high-speed laser printer (with commercially reasonable printing speeds) to print copies of the "HIGHLY CONFIDENTIAL—RESTRICTED SOURCE CODE."  Any printed copies of such code shall include the line numbers and file path and name in the header.  The Receiving Party may print limited portions of the code only when reasonably necessary to facilitate the Receiving Party's preparation of filings with the Court, expert reports, and hearing exhibits, and shall print only such portions as are relevant to the claims and defenses in the case and are reasonably necessary for such purpose.  It will be presumptively unreasonable and impermissible for the Receiving Party to print any portion of code that is longer than 10 consecutive pages or to print more than 100 cumulative pages of code.  In the event either party believes that such limits are unreasonable, the parties agree to meet and confer and reach a reasonable amendment, if such an amendment is necessary.  The Receiving Party shall not print "HIGHLY CONFIDENTIAL—RESTRICTED SOURCE CODE" in order to review blocks of that code elsewhere in the first instance, i.e., as an alternative to reviewing that code electronically on the Source Code Computer(s), as the parties acknowledge and agree that the purpose of the protections herein would be frustrated by printing portions of "HIGHLY CONFIDENTIAL—RESTRICTED SOURCE CODE" for review and analysis elsewhere.  The Producing Party shall not unreasonably refuse the Receiving Party's request that the Producing Party bring a computer containing "HIGHLY CONFIDENTIAL—RESTRICTED SOURCE CODE" to depositions of the Producing Party's witnesses or expert(s).  The Requesting Party must give the Producing Party at least 14 days' notice of any such request and must reasonably identify the portions of source code that it expects to address at the deposition.  The Requesting party shall limit the scope of such requests to the subjects that are likely to arise at the deposition.

5.2.4.3.9     Outside counsel for the Producing Party will

keep the originals of the printed code documents, and copies shall be made for outside counsel for the Receiving Party within 24 hours.  The Producing Party shall Bates number, copy, and label "HIGHLY CONFIDENTIAL—RESTRICTED SOURCE CODE" on any pages printed by the Receiving Party.  The Receiving Party shall only make additional copies if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report), (2) necessary for deposition, or (3) otherwise necessary for the preparation of its case.

        5.2.4.3.10    In addition to other reasonable steps to maintain the security and confidentiality of the Producing Party's "HIGHLY CONFIDENTIAL—RESTRICTED SOURCE CODE", when not in use, printed copies of the code maintained by the Receiving Party must be kept in a secure location in a locked storage container to which only authorized persons have access. No electronic copies of the code shall be provided by the Producing Party beyond the Source Code Computer.

        5.2.4.3.11    Counsel shall use the following procedure in meeting and conferring regarding the use of "HIGHLY CONFIDENTIAL—RESTRICTED SOURCE CODE" in filings:  If a Receiving Party reasonably believes that it needs to submit a portion of Source Code as part of a filing with the Court, that Receiving Party shall make that request to the Producing Party in writing.  As soon as practicable thereafter, but in no event later than three (3) business days following that request, the Producing and Receiving parties shall meet and confer as to how to make such a filing while protecting the confidentiality of the code.  They will cooperate with one another in good faith to ensure that the Court is provided with sufficient evidence to create an adequate administrative record with regard to any filings by the Receiving Party in which the Receiving Party believes it is necessary to submit source code.  Those parties further agree (1) to use no more code in such filings than is reasonably necessary to accomplish the purpose for

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

which the code is being relied upon and (2) that if the code to be cited in such filings exceeds ten (10) lines of code, then the code must be attached in an exhibit rather than embedded in the body of the filing.  The Receiving Party must log the names of its own outside counsel or other authorized individuals who can review the "HIGHLY CONFIDENTIAL—RESTRICTED SOURCE CODE" filed under seal.  Additionally, any such electronic copies must be labeled "HIGHLY CONFIDENTIAL—RESTRICTED SOURCE CODE."

      5.2.4.3.12    Copies of "HIGHLY CONFIDENTIAL—RESTRICTED SOURCE CODE" that are marked as deposition exhibits shall not be provided to the court reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers.  All paper copies of such code brought to the deposition shall be securely destroyed in a timely manner following the deposition.

      5.2.4.3.13    Other than the Source Code Computer(s) and printer provided by the Producing Party, no electronic devices, including but not limited to laptops, floppy drives, zip drives, or other hardware shall be permitted in the secure room.  Nor shall any cellular telephones, personal digital assistants, Blackberries, cameras, voice recorders, Dictaphones, telephone jacks, or other devices be permitted inside the secure room.  No non-electronic devices capable of similar functionality shall be permitted in the secure room.  The person(s) conducting the code review for the Receiving Party shall be permitted to take notes relating to the code but any notes may not be made electronically onto the Source Code Computers or any other computer.  In addition, all such notes will be taken on bound (spiral or other type of permanently bound) paper notebooks.  No loose paper or other paper that can be used in a printer may be brought into the secure room.  No copies of all or any portion of the code may leave the room in which the code is inspected except as otherwise provided herein.  The Producing Party may physically (visually), but not otherwise, monitor the activities of the Receiving Party's

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

13

representatives during any code review, but only to ensure that no unauthorized electronic records of the code are being created or transmitted in any way.  The Producing Party shall ensure that the Receiving Party's attorneys and experts have sufficient privacy to maintain privilege and work product protections.

5.2.4.3.14    Other than as provided in this Order, the Receiving Party will not copy, remove, or otherwise transfer any code from the Source Code Computer(s) including, without limitation copying, removing, or transferring the code onto any recordable media or recordable device, including without limitation sound recorders, computers, cellular telephones, peripheral equipment, cameras, CDs, DVDs, or drives of any kind.  The person(s) reviewing the code for the Receiving Party will not transmit any code in any way from the location where the code review is conducted.

5.2.4.3.15    Access to and review of the "HIGHLY CONFIDENTIAL—RESTRICTED SOURCE CODE" shall be strictly for the purpose of investigating the claims and defenses at issue in this action.  No person shall review or analyze any such code for purposes unrelated to this action, nor may any person use any knowledge gained as a result of reviewing code in this action in any other pending or future dispute, proceeding, patent prosecution, or litigation.

5.2.5. Deposition Testimony

For testimony given in a deposition, the Designating Party shall identify on the record, before the close of the deposition, whether the testimony contains Protected Material.  Within 21 days from the receipt of the final transcript (as defined by the Court Reporter), the Designating Party shall identify, through written notice, either (1) that the entire transcript contains Protected Material and the level of protection being asserted, or (2) that portions of the transcript contain Protected Material and the level of protection being asserted for each portion (by page and line number).  Only those portions of the testimony that are appropriately designated for protection within the 21 day period shall be covered by the provisions of this

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

Protective Order.  Until the 21 day period following receipt of the final transcript expires, the transcript shall be treated as "HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS EYES ONLY", unless otherwise agreed.  After the expiration of that period, the transcript shall be treated only as actually designated.

Parties shall give the other parties notice if they reasonably expect a deposition to include Protected Material, so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at the deposition.  The use of a document or thing as an exhibit at a deposition shall not in any way affect the document or thing's designation.

Transcripts containing Protected Material shall have an obvious legend on the title page indicating that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party.  The Designating Party shall inform the court reporter of these requirements.

For the sake of clarity, the provisions of this Protective Order do not apply to testimony at pretrial hearings or trial.

5.3.    Information Created by the Receiving Party.

If the Producing Party produces information or things originally created, authored, generated, or made by the Receiving Party, and subject to an agreement or understanding regarding the confidentiality of the produced materials, then the Producing Party shall designate such material as "CONFIDENTIAL".

5.4.    Inadvertent Failures to Designate.

If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

15

material is treated in accordance with the provisions of this Order.

## 6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

### 6.1.   Timing of Challenges.

Any Party or Nonparty may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

### 6.2.   Meet and Confer Requirements.

The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order.  The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly within 10 days of the date of service of notice, subject to the requirements of C.D. Cal. Civ. L.R. 37-1.  In conferring, the Challenging Party must explain the basis for its belief that each challenged confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

### 6.3.   Judicial Intervention.

If the Parties cannot resolve a challenge without court intervention, the Parties shall submit a joint written stipulation under C.D. Cal. Civ. L.R. 37-2.  The

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

Designating Party shall be considered the moving party for the purposes of a joint stipulation under Local Rule 37-2.  In addition, unless the parties agree otherwise, the Designating Party shall send the Challenging Party the Designating Party's material under Local Rule 37-2.2 within 14 days of either Party declaring an impasse following the meet and confer process under Paragraph 6.2 of this Protective Order.  Failure by the Designating Party to provide its material under Local Rule 37-2.2 within 14 days of either Party declaring an impasse shall automatically waive the confidentiality designation for each challenged designation.  In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof, subject to the requirements of Local Rule 37-1 through 37-4.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

## 7.   ACCESS TO AND USE OF PROTECTED MATERIAL

### 7.1.   Basic Principles.

A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Nonparty in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated by final disposition, a Receiving Party must comply with the provisions of Section 14 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.  The Receiving Party shall maintain such information in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such information as is exercised by the recipient with respect to its own proprietary information.  Confidential materials shall not be copied, reproduced, summarized or abstracted, except to the extent that such copying, reproduction, summarization or abstraction is reasonably necessary for the conduct of this lawsuit.  All such copies, reproductions, summaries and abstractions shall be subject to the terms of this Protective Order, and except with respect to attorney notes containing the attorney's conclusions, mental impressions or other work product, labeled in the same manner as the designated material on which they are based.  Protected Material designated "HIGHLY CONFIDENTIAL—RESTRICTED SOURCE CODE" must be stored and maintained onsite at the offices of Outside Counsel on one non-networked computer accessible only to authorized personnel using reasonably secure login credentials.

7.2.    Disclosure of "CONFIDENTIAL" Information or Things.

A Receiving Party may disclose any information or things designated "CONFIDENTIAL" only to:

7.2.1. the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation.

7.2.2. the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

7.2.3. Experts (as defined in this Order) of the Receiving Party to whom

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

7.2.4. the court and its personnel.

7.2.5. court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

7.2.6. during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

7.2.7. the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.2.8. any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order.

7.2.9. any other person with the prior written consent of the Designating Party or by Order of this Court.

7.3.    <u>Disclosure of "HIGHLY CONFIDENTIAL—ATTORNEYS EYES ONLY" Information or Things</u>.

A Receiving Party may disclose any information or things designated "HIGHLY CONFIDENTIAL—ATTORNEYS EYES ONLY" only to:

7.3.1. the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation.

7.3.2. James Joy of TomTom and Christopher Parry of Broadcom ("Designated House Counsel"), who will each have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).  The Parties can replace Designated House Counsel according to the procedures in Paragraph 7.7.1.

7.3.3. Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation; who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and as to whom the procedures in Paragraph 7.7.1 have been followed.

7.3.4. the court and its personnel.

7.3.5. court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

7.3.6. the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3.7. any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order.

7.3.8. any other person with the prior written consent of the Designating Party or by Order of this Court.

7.4.  Disclosure of "HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS EYES ONLY" Information or Things.

A Receiving Party may disclose any information or things designated "HIGHLY CONFIDENTIAL— OUTSIDE ATTORNEYS EYES ONLY" only to:

7.4.1. the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation.

7.4.2. Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation; who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and as to whom the procedures in Paragraph 7.7.2 have been followed.

7.4.3. the court and its personnel.

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

7.4.4. court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

7.4.5. the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.4.6. any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order.

7.4.7. any other person with the prior written consent of the Designating Party or by Order of this Court.

7.5.    Disclosure of "CONFIDENTIAL—SOURCE CODE" Information or Things.

Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or things designated "CONFIDENTIAL—SOURCE CODE" only to:

7.5.1. the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation.

7.5.2. the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

7.5.3. Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

7.5.4. the court and its personnel.

7.5.5. court reporters and their staff, professional jury or trial consultants,

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

7.5.6. the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.5.7. any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order.

7.5.8. any other person with the prior written consent of the Designating Party or by Order of this Court.

7.6.    Disclosure of "HIGHLY CONFIDENTIAL—RESTRICTED SOURCE CODE" Information or Things.

Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or things designated "HIGHLY CONFIDENTIAL—RESTRICTED SOURCE CODE" only to:

7.6.1. the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation.

7.6.2. Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation; who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and as to whom the procedures in paragraph 7.7.2 have been followed.

7.6.3. the court and its personnel.

7.6.4. court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

7.6.5. the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.6.6. any mediators who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order.

7.6.7. any other person with the prior written consent of the Designating Party or by Order of this Court.

7.7. <u>Procedures for Approving or Objecting to Disclosure of Protected Material to Replacement House Counsel or Experts</u>

7.7.1. <u>Disclosing Replacement House Counsel</u>.

Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Party that seeks to substitute the House Counsel identified in Paragraph 7.3.2 first must make a written request to the Designating Party that (1) sets forth the full name of the Replacement House Counsel and the city and state of his or her residence; and (2) describes the Replacement House Counsel's current and reasonably foreseeable future primary job duties and responsibilities in sufficient detail for the Designating Party to determine if Replacement House Counsel is involved, or may become involved, in any competitive decision-making.  House Counsel who receive "HIGHLY CONFIDENTIAL—ATTORNEYS EYES ONLY," information under this Order must timely disclose any relevant changes in job duties or responsibilities that occur before final disposition of this litigation to allow the Designating Party to evaluate any later-arising competitive decision-making responsibilities and provide them an opportunity to object under paragraph 7.7.3 and 7.7.4.  For the purposes of Section 7.7, Replacement House Counsel shall include the attorneys identified in paragraph 7.3.2 (James Joy and Christopher Parry) if those attorneys' job responsibilities materially change during the duration of this litigation.

Fenwick & West LLP
Attorneys at Law
Mountain View

### 7.7.2. <u>Disclosing Experts</u>.

Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined by this order) any information or thing that has been designated by another party "HIGHLY CONFIDENTIAL—ATTORNEYS EYES ONLY," "HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS EYES ONLY," or "HIGHLY CONFIDENTIAL—RESTRICTED SOURCE CODE" under paragraphs 7.3, 7.4, or 7.6, first must make a written request to the Designating Party that (1) sets forth the full name of the Expert and the city and state of his or her residence; (2) attaches a copy of the Expert's current resume or curriculum vitae; (3) identifies the Expert's current employer(s); (4) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding four years;[1] and, (5) identifies, by name and number of the case, filing date, and location of court, any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition, or trial, during the preceding four years.  An Expert who receives "HIGHLY CONFIDENTIAL—ATTORNEYS EYES ONLY," "HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS EYES ONLY," or "HIGHLY CONFIDENTIAL—RESTRICTED SOURCE CODE" information under this Order must timely disclose any relevant changes in job duties or responsibilities that occur before final disposition of this litigation to allow the Designating Party to evaluate any later-arising competitive decision-making responsibilities and provide them an opportunity to object under paragraph 7.7.3 and 7.7.4.

---

[1] To the extent a particular expert's work or professional services is subject to a confidentiality agreement with another person or entity, the Expert shall disclose such work pursuant to the terms of this Protective Order.

24

### 7.7.3. Objections to Replacement House Counsel and Experts.

A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose Protected Material to the identified House Counsel or Expert after 5 business days, unless, within 5 business days of delivering the request,[2] the Party receives a written objection from the Designating Party.  Any such objection must set forth in detail the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to the Replacement House Counsel or Expert is being made in accordance with this specific paragraph of the Protective Order.  In the absence of an objection, the House Counsel or Expert shall be deemed approved under the Protective Order.  If an objection is made, there shall be no disclosure of Protected Materials until the objection is resolved or pursuant to court order.

During the pendency of this matter, and after an Expert has been approved under the Protective Order, should the Expert become employed or engaged by a competitor to the parties to this action, the Expert will promptly advise outside counsel of record for the party that has retained the Expert, and he or she and will cease reviewing any Protected Material until all parties in the action have been advised and either all parties consent to the expert continuing to have access to Protected Materials in this matter or as otherwise ordered by the Court.  If after the disclosure there is an objection to the Expert, the procedures set forth in this paragraph and paragraphs 7.7.4 and 7.7.5 apply.

### 7.7.4. Meet and Confer Requirements for Objections to Replacement House Counsel and Experts.

A Party that receives a timely written objection to Replacement House Counsel or an Expert must meet and confer with the Designating Party to try to resolve the matter by agreement within ten (10) days of the date of service of notice,

---

[2] Requests received after 5:00 p.m. Pacific Time on a business day will be deemed delivered on the following business day.

1   subject to the requirements of Civil Local Rule 37-1.  In conferring, the Designating

2   Party must explain the basis for its belief that the House Counsel or Expert should

3   not receive Protected Material and provide the Party seeking disclosure of Protected

4   Material to House Counsel or an Expert an opportunity to reconsider the

5   circumstances.  The Party seeking disclosure of Protected Material to House

6   Counsel or an Expert must describe in detail the reasons why the disclosure to the

7   House Counsel or an Expert is reasonably necessary, assess the risk of harm that the

8   disclosure would entail, and suggest any additional means that could be used to

9   reduce that risk.

10          7.7.5.  <u>Judicial Intervention for Objections to Replacement House</u>

11  <u>Counsel and Experts</u>.

12          A Designating Party may proceed to the next stage of the challenge process

13  only if it has engaged in this meet and confer process first or establishes that the

14  Party seeking disclosure of Protected Material to Replacement House Counsel or an

15  Expert is unwilling to participate in the meet and confer process in a timely manner.

16  If no agreement is reached, the Parties shall submit a joint written stipulation under

17  Civil Local Rule 37-2.  The Designating Party shall be considered the moving party

18  for the purposes of a joint stipulation under Local Rule 37-2.  Unless the parties

19  agree otherwise, the Designating Party shall send the Challenging Party the

20  Designating Party's material under Local Rule 37-2.2 within 7 days of either party

21  declaring an impasse following the meet and confer process under Paragraph 7.7.3

22  of this Protective Order.  Failure by the Designating Party to provide its material

23  under Local Rule 37-2.2 within 7 days of either party declaring an impasse shall

24  automatically waive the objection to Replacement House Counsel or the Expert.

25          In any such proceeding, the Party opposing disclosure to Replacement House

26  Counsel or an Expert shall bear the burden of proving that the risk of harm the

27  disclosure would entail (under the safeguards proposed) outweighs the Receiving

28  Party's need to disclose the Protected Material to Replacement House Counsel or its

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

Expert.

### 7.7.6. Later Objections to House Counsel or Experts.

An initial failure to object to a Person under this Paragraph 7.7 shall not preclude the non-objecting Party from later objecting to continued access to Protected Material by that Person based on new facts or circumstances for good cause shown.  In this event, a Party must make a written objection to the other Party concerning the continued access of Protected Material by that Person, and the Parties must meet and confer in good faith concerning such objection.  To the extent that the objection is unable to be resolved, the later-objecting Party must present its objection promptly to the Court for resolution, subject to the Court's relevant local rules and standing orders.  Notwithstanding such objection, the designated Person may continue to have access to Protected Material until judicial resolution of the objection.

## 8. PROSECUTION BAR

Absent written consent from the Producing Party, any individual who receives access to "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY or "HIGHLY CONFIDENTIAL—RESTRICTED SOURCE CODE" information shall not be involved in the prosecution of patents or patent applications relating to GPS or navigation technology before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office").  For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims. Prosecution includes, for example, original prosecution, reissue and reexamination proceedings.  To avoid any doubt, "prosecution" as used in this paragraph does not include representing a party challenging a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, *ex parte* reexamination or *inter partes* reexamination).  This Prosecution Bar shall begin when access to

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

"HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY or "HIGHLY CONFIDENTIAL—RESTRICTED SOURCE CODE" information is first received by the affected individual and shall end two (2) years after final disposition of this action as defined in Paragraph 4.

**9.**     **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any Protected Material designated by another Party, the Party subject to the subpoena or court order must:

(a) promptly notify in writing the Designating Party within ten (10) business days of receipt.  Such notification shall include a copy of the subpoena or court order, and

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Protective Order.

The burden of opposing the enforcement of the subpoena or order shall fall upon the party who produced or designated the Protected Material.  If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not, unless compelled by law, produce any Protected Material before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  Nothing in this Order shall be construed as authorizing a party to disobey a lawful subpoena issued in another action.

**10.**     **A NONPARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

10.1.  Nonparty Protected Material.

The terms of this Order are applicable to information produced by a Nonparty

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

in this action and designated with a Confidentiality Designation.  Such information produced by Nonparties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Nonparty from seeking additional protections.

10.2.  <u>Discovery of Nonparty Material in a Party's Possession</u>.

In the event that a Party is required, by a valid discovery request, to produce a Nonparty's confidential information in its possession, and the Party is subject to an agreement with the Nonparty not to produce the Nonparty's confidential information, then the Party shall:

10.2.1.  promptly notify in writing the Requesting Party and the Nonparty that some or all of the information requested is subject to a confidentiality agreement with a Nonparty;

10.2.2.  promptly provide the Nonparty with a copy of the Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

10.2.3.  make the information requested available for inspection by the Nonparty.

10.3.  <u>Nonparty Procedure for Objections</u>.

If the Nonparty fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Nonparty's confidential information responsive to the discovery request.  If the Nonparty timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Nonparty before a determination by the court.  Absent a court order to the contrary, the Nonparty shall bear the burden and expense of seeking protection in this court of its Protected Material.

**11.  UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures; (b) use its best efforts to retrieve all unauthorized copies of the Protected Material; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**12.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

If information subject to a claim of attorney-client privilege, attorney work product, privacy or data protection, including under applicable foreign law, or any other ground on which production of such information may not be made to any party is inadvertently produced to such party(ies), such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product, privacy or data protection, including under applicable foreign law, or other ground for withholding production to which the Producing Party would otherwise be entitled.  If a claim of inadvertent production is made, pursuant to this paragraph, with respect to information then in the custody of another party, the Receiving Party shall, within five (5) business days of the claim being made, (i) return to the claiming party or person that material as to which the claim of inadvertent production has been made and (ii) certify that all copies of the document have been destroyed, including all copies and any portions of notes, papers, summaries, or other instruments that comprise, embody, summarize, discuss or quote from documents or things for which claim of inadvertent production is asserted. Notwithstanding the foregoing, the Receiving Party does not need to delete the original production media (e.g., disc, hard drive, etc.) containing the disputed materials, unless and until the Producing Party has replaced the production media with a version that contains all non-privileged documents produced.  Moreover,

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

counsel will not be required to search or delete any automatically stored copies of email or other documents that are backed up or copied through automatic processes, such as for disaster-recovery purposes.

The Receiving Party shall not use such information for any purpose until further order of the Court.  The Party returning such material may then move the Court for an order compelling production of the material, but said motion shall not assert as a ground for entering such an order the fact or circumstance of the inadvertent production.  The return of any such material shall not be delayed or refused for any reason, including but not limited to a party's objection to a claim of inadvertent production, or by the filing of a motion to compel, nor may a party assert the fact of the inadvertent production as a ground for retaining possession of the material until resolution of the parties' dispute.  Upon the filing of an appropriate motion with the Court for an *in camera* determination of a privilege claim (following a meet-and-confer consistent with the Local Rules of the Court), the Producing Party shall submit to the Court, on an *in camera* basis, the documents for which *in camera* review is being sought within two business days of being served with such a motion.

## 13. __MISCELLANEOUS__

### 13.1.  Right to Further Relief.

Nothing in this Order abridges the right of any person to seek its modification by the court in the future.  The Parties agree to meet and confer prior to seeking to modify this Protective Order for any reason.  The restrictions imposed by this Order may be modified or terminated only by written stipulation of the Parties or by order of this Court.  Any modifications stipulated to by the Parties shall not have the force of a court order until approved by the Court.  In the event that a new party is added, substituted, or brought in, this Order will be binding on and inure to the benefit of the new party, subject to the right of the new party to seek relief from or modification of this Order.

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

31

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

13.2.  <u>Right to Assert Other Objections.</u>

By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

13.3.  <u>Filing Protected Material.</u>

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with C.D. Cal. Civil Local Rule 79-5 and this Court's Standing Order.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(d) is denied by the court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the court.

**14.   FINAL DISPOSITION**

14.1.  <u>Jurisdiction</u>.

This Court retains and shall have continuing jurisdiction over the Parties and recipients of the Protected Material for enforcement of the provisions of this Protective Order following final disposition (as defined in Paragraph 4 above), termination, or settlement of this litigation.

14.2.  <u>Return or Destruction of Material.</u>

Within 60 days after the final disposition of this action each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the

Protected Material.  The Designating Party must notify the Receiving Party in writing within ten (10) days of the final disposition of this action if it elects to have Protected Material it produced returned or destroyed; if the Producing Party does not make an election within that period of time, the Receiving Party may destroy the material without further notice.  The Parties shall destroy all Protected Material that the Designating Party does not elect to have returned.  Upon the Producing and/or Designating Party's request, the Receiving Party shall verify the return or destruction of all Protected Material by written certification furnished to the Designating Party.  Such written certification, if requested, shall be provided within thirty (30) days of the request and shall (1) identify (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirm that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material, other than those permitted to be kept by counsel.  Notwithstanding this provision, Counsel are entitled to retain archival copies of all pleadings; motion papers; trial, deposition, and hearing transcripts; legal memoranda; correspondence; trial, deposition, and hearing exhibits; expert reports; attorney work product; and consultant and expert work product, even if such materials contain Protected Material.  The limitation to archival copies shall not mean that outside counsel must review its case files, emails, or correspondence to eliminate duplication.  In addition, this provision does not require the Receiving Party to search through or delete automatically generated computer backup files that are created for disaster recovery purposes (e.g., computer backup tapes), if such files are not readily accessible.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1   **IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

2

3

4

5   Dated:  October 10, 2014

                                          _____

6                                             DOUGLAS F. McCORMICK
                                        United States Magistrate Judge

7

8

9   Dated:  October 9, 2014               FENWICK & WEST LLP

10

11                                 By:   */s/ Darryl M. Woo*

12                                     Darryl M. Woo
                                  Jedediah Wakefield

13                                     Todd R. Gregorian
                                  Sebastian Kaplan

14                                     Attorneys for Plaintiff
                                  TOMTOM INTERNATIONAL, B.V.

15

16   Dated: October 9, 2014              KEKER & VAN NEST LLP

17

18                                 By:   */s/ Robert A. Van Nest*

19                                     Robert A. Van Nest
                                  Attorneys for Defendant

20                                     BROADCOM CORPORATION

21

22

23

24

25

26

27

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury that

I have read in its entirety and understand the Protective Order that was issued by the

United States District Court for the Central District of California on _____[date]

in the case of 8:14-cv-00475-PA-DFM.  I agree to comply with and to be bound by all

the terms of this Protective Order and I understand and acknowledge that failure to so

comply could expose me to sanctions and punishment in the nature of contempt. I

solemnly promise that I will not disclose in any manner any information or item that is

subject to this Protective Order to any person or entity except in strict compliance with

the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court

for the Central District of California for the purpose of enforcing the terms of this

Protective Order, even if such enforcement proceedings occur after termination of this

action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and

telephone number] as my California agent for service of process in connection with

this action or any proceedings related to enforcement of this Protective Order.


Date: _____

City and State where sworn and signed: _____


Printed name: _____


Signature: _____

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW